**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| HARVEY D. WOLINETZ, et al., : | |
| Plaintiffs, : | CIVIL ACTION NO. 08-5046 (MLC) |
| v. : | **MEMORANDUM OPINION** |
| ELIYAHU WEINSTEIN, et al., : | |
| Defendants. : | |
| ELIYAHU WEINSTEIN, et al., : | |
| Third-Party Plaintiffs, : | |
| v. : | |
| ARTHUR FEIN, et al., : | |
| Third-Party Defendants. : | |

**COOPER, District Judge**

Plaintiffs commenced this action against Eliyahu Weinstein ("Weinstein"), Rivka Bichler, New Cedar Holdings, LLC, Ocean Realty 101, LLC, Pine Projects, LLC ("Pine Projects" and, together with Weinstein, "defendants"), NH-K Memphis, LLC, Simcha Shain, Elana Shain, and Michael Gindi.  (Dkt. entry no. 1, Compl. at 1-2, 5-6.)  Plaintiffs assert claims of, inter alia, (1) fraud, (2) breach of fiduciary duty, (3) conversion, (4) unjust enrichment, (5) breach of contract, and (6) civil conspiracy. (See id.)  Defendants assert counterclaims against plaintiffs and third-party claims against Arthur Fein and Arthur Fein

Enterprises, Inc. (collectively, "third-party defendants"). (Dkt. entry no. 21, Answer, Cross-Cl., Countercl. & 3d Party Compl. ("Countercl. & 3d Party Compl.").)[1]  Plaintiffs and third-party defendants now move, together, to (1) dismiss the counterclaims and the Third-Party Complaint for failure to state a claim, and (2) compel Weinstein to (a) surrender his passport during the pendency of the action and (b) submit a detailed list of his assets.  (Dkt. entry no. 38, Mot. to Dismiss.)  Defendants oppose the motion.  (Dkt. entry no. 43, Defs. Br.)  The Court, for the reasons stated herein, will (1) deny the motion in its entirety without prejudice and with leave to move again at the appropriate time, and (2) direct defendants to move to file amended counterclaims and an amended third-party complaint.

## BACKGROUND

Plaintiff Harvey D. Wolinetz ("Wolinetz") allegedly provided defendants with approximately $76 million for investment in real estate ventures.  (Compl. at 2.)  Plaintiffs identify twelve properties that defendants were supposed to purchase, and plaintiffs were supposed to obtain an interest in, with the funds supplied by Wolinetz.  (Id. at 3.)  Plaintiffs allege that defendants, rather than investing in the specified properties,

---

[1] Defendants purport to name H.D.W. 2005, LLC as a third-party defendant.  (Countercl. & 3d Party Compl. at 16.)  H.D.W. 2005, LLC, however, is a plaintiff in this action, and therefore defendants' claims against it are counterclaims.  (See Compl. at 1.)

2

defrauded Wolinetz of the $76 million by misappropriating the money for their own gain and leaving plaintiffs without any meaningful interest in the specified properties.  (Id. at 2.)

Defendants claim that plaintiffs and third-party defendants provided financing to Pine Projects and left the allocation of that financing to defendants' discretion.  (Countercl. & 3d Party Compl. at 17.)  Pine Projects allocated that financing to "various real estate ventures," including "[m]any, if not all, of the properties identified in plaintiffs' complaint."  (Id. at 17-18.)  "For many of these properties," Pine Projects transferred title or control of the properties to plaintiffs and/or third-party defendants.  (Id. at 18.)  Plaintiffs and third-party defendants agreed to exercise care, take responsibilities and manage the properties for the benefit and interests of defendants.  (Id.)  Defendants assert that plaintiffs and third-party defendants mismanaged these properties and the properties lost value.  (Id.)  Further, defendants claim to have an entitlement to share in the upside interest when the properties are sold to a third party.  (Id. at 21.)  Defendants assert claims based on plaintiffs' and third-party defendants' mismanagement of "the properties" for (1) breach of fiduciary duty, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) negligence, (5) declaratory judgment, (6)-(7) constructive trust, and (8) unjust enrichment.

(Id. at 21-27.)[2]  Plaintiffs and third-party defendants now move to (1) dismiss the counterclaims for, inter alia, failure to state a claim, and (2) compel Weinstein to (a) surrender his passport for the duration of the action and (b) submit a detailed list of his assets.  (Mot. to Dismiss.)  Defendants oppose the motion.  (Defs. Br.)

## DISCUSSION

### I. Motion to Dismiss Standard

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  On a motion to dismiss, the Court generally must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff.  Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  The Court, however, need not credit bald assertions or legal conclusions alleged in the complaint.  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl.

---

[2] Defendants combined their counterclaims and Third-Party Complaint into one document with one set of claims.  (See Countercl. & 3d Party Compl.)  The Court will refer to the counterclaims and the claims against the third-party defendants collectively as "counterclaims."

4

Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citation omitted). While plaintiffs are not required to plead all the facts serving as a basis for the claim, the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based." Kanter, 489 F.3d at 175; see also Allia v. Target Corp., No. 07-4130, 2008 WL 1732964, at *3 (D.N.J. Apr. 10, 2008).

**II.  Motion to Dismiss Standard Applied Here**

Plaintiffs and third-party defendants argue that the counterclaims should be dismissed because they fail to state a claim upon which relief can be granted and they are not yet ripe for adjudication. (Dkt. entry no. 38, Pls. Br. at 3.) Also, plaintiffs and third-party defendants argue that the counterclaims are vague and fail to identify, with one exception, the properties involved and to whom title or control of the properties was transferred. (Dkt. entry no. 44, Pls. Reply Br. at 4-5.) Defendants argue that their counterclaims are ripe for adjudication and sufficiently identify the properties at issue. (Defs. Br. at 7-8; dkt. entry no. 45, Defs. Sur-Reply Br. at 1-2.)

The Court finds that defendants' counterclaims do not provide plaintiffs and third-party defendants with notice of the basis for the counterclaims. There are nine plaintiffs and two third-party defendants in this action. (See Compl. at 1, 4-5;

5

Countercl. & 3d Party Compl. at 16.)  The Complaint identifies twelve different properties involved in plaintiffs' claims.  (See Compl. at 3.)  Defendants, with one exception, do not identify the properties at issue in their counterclaims, but instead refer to "various properties," "the properties," "various real estate ventures," "many of these properties," and "many properties." (See Countercl. & 3d Party Compl. at 16-18.)[3]  Defendants reference the properties identified in the Complaint, but do not limit "the properties" at issue in the counterclaims to only those identified in the Complaint.  (See id. at 16 ("There is presently a dispute . . . concerning [the parties'] respective rights and interests in various properties, including the properties identified in plaintiffs' complaint.").)  Further, defendants do not make allegations against specific plaintiffs or third-party defendants, instead grouping all eleven parties together.  (See id.)  Defendants also do not identify to which specific plaintiffs or third-party defendants they transferred title or control of the properties, nor which properties were transferred.  (See id.)  Thus, the Court concludes that the counterclaims do not put any individual plaintiff or third-party defendant on notice of the basis of the claims asserted against

---

[3] Defendants specifically identify properties located in Irvington, New Jersey at 9-23 Berkeley Terrace and 794 Grove Street (collectively, "Berkeley Terrace").  (Countercl. & 3d Party Compl. at 16.)

that plaintiff or third-party defendant.  See Allia, 2008 WL 1732964, at *4 (finding that plaintiff did not provide fair notice to defendants where plaintiff did not specifically identify the alleged conduct of the defendants constituting the basis for her claims).

 The Court, however, will not dismiss the counterclaims or the Third-Party Complaint at this time.  Instead, the Court will direct the defendants to move to amend their counterclaims and the Third-Party Complaint to provide fair notice to the plaintiffs and third-party defendants of the grounds upon which the counterclaims rest.  Any such motion to amend must comply with the requirements of Local Civil Rule 7.1, including but not limited to Rule 7.1(f).  (See Defs. Sur-Reply Br. at 2 ("[I]f the Court believes that the pleading should have more specifics, defendants should be granted leave to amend their pleading to set forth the details."); dkt. entry no. 46, Pls. 3-16-09 Letter at 2 (stating plaintiffs and third-party defendants agree with defendants' request to amend their pleading).)  See Kanter, 489 F.3d at 175; see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (instructing district court to allow curative amendment, unless such amendment would be inequitable or futile, where complaint is vulnerable to 12(b)(6) dismissal, even if plaintiff has not sought leave to amend); Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000) (stating that leave to amend must

7

be given, even when not sought, if a claim is vulnerable to dismissal under 12(b)(6)).

The Court notes that since the time defendants filed the Answer and Third-Party Complaint, all claims, including the cross-claims, against defendant Michael Gindi pertaining to Berkeley Terrace have been dismissed.  (Dkt. entry no. 42, Stipulation & Order.)  Also, the Court notes that Michael Gindi, Wolinetz, H.D.W. 2005, LLC, and Weinstein were parties in a state court action regarding ownership of Berkeley Terrace.  (See dkt. entry no. 38, Certification of N. Ari Weisbrot, Ex. C, Compl.)  That state court action was resolved by stipulation among the parties in which Weinstein, individually and on behalf of all entities in which he may have any interest, stipulated and agreed that he has no claim or interest in Berkeley Terrace.  (Defs. Br., Ex. A, Stipulation.)  The Court instructs defendants to take these developments into consideration when amending their counterclaims and the Third-Party Complaint.

### III. Motion to Compel Weinstein's Surrender of Passport and Submission of a Detailed List of Assets

#### A.   Surrender of Passport

Plaintiffs and third-party defendants argue that Weinstein should be made to surrender his passport because there is "a very real and substantial risk" that he will flee the country to avoid his creditors.  (Pls. Br. at 17.)  Also, plaintiffs and third-party defendants assert that Weinstein has "valuable real estate

properties in foreign countries" and leaves the United States every month or so to travel abroad.  (Id. at 17-18; Pls. Reply Br. at 11.)  Defendants respond by arguing that plaintiffs and third-party defendants have not provided any evidence that Weinstein is likely to flee the country to avoid litigation or to remove property from the country.  (Defs. Br. at 10-11; Defs. Sur-Reply Br. at 4.)  Defendants contend that plaintiffs and third-party defendants have not made the detailed factual showing necessary to obtain this extraordinary relief.  (Defs. Br. at 11.)  Also, defendants assert that Weinstein has already appeared for depositions in other pending litigation involving these parties, and thus is not a flight risk.  (Id. at 13.)

    The Court finds that it is inappropriate to compel Weinstein to surrender his passport for the duration of this action.  An order to surrender a passport is "very rare" in civil cases outside the matrimonial context.  Merrill Lynch Bus. Fin. Servs., Inc. v. Kupperman, No. 06-4802, 2007 WL 2300737, at *1 (D.N.J. Aug. 7, 2007).  Such an order is appropriate where defendant "has 'demonstrated a propensity to leave the country when the heat is turned up.'" Id. at *2 (quoting Herbstein v. Bruetman, 241 F.3d 586, 588 (7th Cir. 2001)).  Here, plaintiffs and third-party defendants have not shown that Weinstein has demonstrated such a propensity to leave the country.  Id.  Unlike in Herbstein, where the court ordered surrender of the defendant's passport after the

9

defendant had twice fled the country to avoid litigation and then secretly returned, Weinstein has not previously fled the country to avoid litigation.  See Herbstein, 241 F.3d at 588-89.  Nor have plaintiffs and third-party defendants shown that Weinstein has demonstrated an "enduring refusal to cooperate by failing to appear."  Kupperman, 2007 WL 2300737, at *2 (internal quotation omitted).  Thus, the Court will not order Weinstein to surrender his passport for the pendency of this litigation.

**B.   Detailed List of Assets**

Plaintiffs and third-party defendants argue that Weinstein should be made to submit a detailed list of his assets because multiple individuals have accused Weinstein of stealing hundreds of millions of dollars and none of this money can be found.  (Pls. Reply Br. at 12.)  Plaintiffs and third-party defendants also note that in other litigation involving Weinstein, including in the United States District Court for the Eastern District of Pennsylvania, courts have ordered Weinstein to produce asset lists.  (Id. at 11-12.)  Defendants assert that plaintiffs and third-party defendants have not provided a factual or legal basis for this extraordinary request, which is premature since discovery requests have not yet been served.  (Defs. Br. at 13-14; Defs. Sur-Reply Br. at 5-6.)

The Court finds that it is inappropriate to compel Weinstein to submit a detailed list of his assets at this time.  This

request by plaintiffs and third-party defendants is premature, as it was made before discovery requests had been served on Weinstein.  (See Defs. Br. at 14.)  Plaintiffs and third-party defendants should use the discovery process to obtain information pertaining to Weinstein's assets.  Also, the court's order in Berger v. Weinstein, 07-994 (E.D. Pa.) requiring Weinstein to submit a list of his assets and liabilities to all parties was rendered after three days of evidentiary hearings on the plaintiff's motion for a preliminary injunction.  (Certification of N. Ari Weisbrot, Ex. B, Order.)  See also Berger v. Weinstein, No. 07-994, 2008 WL 191172, at *1 (E.D. Pa. Jan. 23, 2008).  Thus, the Court will not order Weinstein to submit a detailed list of his assets.

## CONCLUSION

The Court, for the reasons stated supra, will (1) deny the motion in its entirety without prejudice and with leave to move again at the appropriate time, and (2) direct defendants to move to file amended counterclaims and an amended third-party complaint.  The Court will issue an appropriate order.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: April 2, 2009