NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| HARVEY D. WOLINETZ, et al., | : | CIVIL ACTION NO. 08-5046 (MLC) |
| | : | |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| ELIYAHU WEINSTEIN, et al., | : | |
| | : | |
| Defendants. | : | |

**THE PLAINTIFFS** brought this action to recover damages caused by allegedly fraudulent investments perpetrated by: (1) the defendant Eliyahu Weinstein; and (2) other defendants either working with, or under the control of, Weinstein.  (See dkt. 53, Am. Compl. at 3 (stating investments were "used, diverted, or misappropriated . . . for Weinstein's own nefarious purposes"); id. at 5–6 (listing the other defendants as "owned and controlled by Weinstein"); id. at 7 (stating "Weinstein led a continuing and discrete enterprise").)  The plaintiffs appeal from an order of the Magistrate Judge, entered May 20, 2015 ("May 2015 Order"), which denied their motion to lift a stay and to reopen the action ("Motion to Reopen").  (See dkt. 148, 5-20-15 Mag. Judge Op. & Order; dkt. 149, Notice of Appeal.)  This Court will affirm the May 2015 Order.

**THE MAGISTRATE JUDGE**, upon the consent of the parties, ordered on November 4, 2010 ("November 2010 Order") that: (1) "all proceedings in this action are hereby stayed pending the termination of all criminal proceedings (including appeals) currently pending in this Court against . . . Weinstein"; and (2) "Plaintiffs' counsel shall

contact the Court within seven days of the disposition of Mr. Weinstein's criminal proceedings." (Dkt. 123 at 1.) On November 18, 2010, the action was administratively terminated in view of that stay. (See dkt. 124 at 1–2.)

**THE PLAINTIFFS** filed the Motion to Reopen on February 11, 2015. (See dkt. 127 – dkt. 129; dkt. 143; dkt. 144.) The plaintiffs also submitted a letter from the Office of the United States Attorney advising "that the United States does not oppose lifting any stay that is currently in place in the above-referenced case." (Dkt. 144-1 at 1.) Weinstein opposed the Motion to Reopen. (See dkt. 142.)

**THE MAGISTRATE JUDGE** — in a thorough discussion of the underlying facts and issues — denied the Motion to Reopen:

> On February 26, 2014, Mr. Weinstein was sentenced by the Court to 264 months imprisonment in Criminal Action No. 11-701. On December 16, 2014, Mr. Weinstein was sentenced to 135 months imprisonment in Criminal Action No. 14-219. Mr. Weinstein filed appeals which are currently pending before the Third Circuit in both criminal actions.[1] Mr. Weinstein's appeals were consolidated under Court of Appeals Dkt. No. 15-1039.
>
> Plaintiffs filed the present Motion to reopen this matter on February 11, 2015, claiming that the "criminal prosecution of Mr. Weinstein that precipitated the stay and eventual administrative termination of this matter has now concluded."[2] Plaintiffs set forth two arguments in support of their

---

[1] Mr. Weinstein filed a Notice of Appeal in Criminal Action No. 11-701 on March 6, 2014. See Crim. Action No. 11-701, Dkt. No. 172. Mr. Weinstein filed a Notice of Appeal in Criminal Action No. 14-219 on December 30, 2014. See Crim. Action No. 14-219, Dkt. No. 85.

[2] The Court notes that while Plaintiffs argue that Mr. Weinstein's criminal matter has concluded, Plaintiffs failed to notify the Court of the disposition of Mr. Weinstein's criminal proceedings within 7 days as directed by the Court's November 4, 2010 Order.

> Motion to reopen this matter.  First, Plaintiffs assert that the Court's November 18, 2010 Order administratively terminating this matter "was overtly 'issued in the interests of judicial economy,' not on the merits, and did not adjudicate any of the claims or rights raised in this lawsuit" and, therefore, the Court has the power to reopen this case pursuant to Fed. R. Civ. P. 54(b).  Second, Plaintiffs claim that "[j]ustice requires that Mr. Wolinetz be permitted to prosecute his claims against Mr. Weinstein on the merits, and finally have his day in court to confront the man who defrauded him on a massive scale."
>
> While Plaintiffs claim that Mr. Weinstein's argument that this case should not be reopened until his appeals are decided is "meritless", Mr. Weinstein's position is supported by the language of the Order proposed jointly by the parties and entered by the Court with the parties' consent, which states that the action is stayed "pending the termination of all criminal proceedings (including appeals) currently pending . . . against Eli Weinstein . . . ."  Furthermore, although Plaintiffs assert that they consented to a stay at the request of the United States Attorney's Office, Plaintiffs in fact requested the entry of a stay "in order for [Plaintiffs'] new counsel to become familiar with the file . . ."
>
> Although the Court agrees with Plaintiffs that "justice requires" that Plaintiffs have the opportunity to "prosecute [their] claims against Mr. Weinstein on the merits", the continued stay of this matter through the disposition of Mr. Weinstein's pending appeals will not deprive Plaintiffs of this opportunity.  Plaintiffs requested the entry of a stay in this matter and consented to the language of the Order entered by the Court, which plainly states that the stay shall continue through the resolution of Mr. Weinstein's pending appeals, and Plaintiffs have failed to demonstrate good cause for departing from the Court's Order.  Accordingly, Plaintiffs' Motion to lift the stay and reopen this matter is DENIED. . . . [IT IS FURTHER] ORDERED that Plaintiffs' counsel shall contact the Court within seven (7) days of the disposition of Mr. Weinstein's pending appeals before the Third Circuit.

(Dkt. 148 at 1–3 (footnotes contained in original; cites to record omitted).)

**THE PLAINTIFFS** timely appealed from the May 2015 Order on June 3, 2015. (See dkt. 149.)  See Fed.R.Civ.P. 72; L.Civ.R. 72.1(c).  Weinstein filed late opposition to the appeal.  (See dkt. 150.)

**THE PLAINTIFFS** argue that: (1) they "agreed to stay this matter so as not to interfere with the U.S. Attorney's criminal prosecution of [Weinstein] until his sentencing was complete"; (2) the "sentencing has now long since passed and the U.S. Attorney has made clear that he has no objection to lifting the order staying these civil proceedings"; (3) "Weinstein pled guilty and was sentenced to 264 months in prison for that scheme and ordered to pay victims over $200 million in restitution, none of which has been paid"; (4) they will suffer "great prejudice . . . because the record of defendants' massive fraud grows ever more stale as . . . Weinstein drags out his meritless criminal appeals, which have yet even to be briefed in the Third Circuit", and which "have been proceeding at a snail's pace, perhaps by defendant's own design to further delay these proceedings"; (5) the "stay also coincided with a change in counsel for Plaintiff[s]"; (6) before "the stay in this matter, Plaintiffs were subjected to countless dilatory tactics by . . . Weinstein which delayed and interfered with Plaintiffs' ability to conduct discovery and find their stolen money[, and] Weinstein still has not yet answered questions the Court ordered be answered regarding the proceeds of his frauds"; (7) "[d]espite the language of the original stay order, . . . Weinstein's efforts to raise further appeals regarding his guilty pleas was not the understanding on which the stay was based in the first place; and it should not be so now"; (8) "[a]ll that remains of Weinstein's criminal case are his appeals of the two

guilty pleas he has entered"; (9) "[w]ith the Magistrate's [sic] Order, Weinstein now gets to use an appeal of his criminal *guilty pleas* to further delay Plaintiffs' day in court";[1] and (10) the "case should be allowed to proceed now in its entirety, or at least against defendants other than Weinstein." (Dkt. 149-1 at 4–6, 8–9.)

**A DISTRICT COURT** must apply "the abuse of discretion standard" when reviewing a decision by a Magistrate Judge. Salamone v. Carter's Retail, No. 09-5856, 2012 WL 821494, at *4 (D.N.J. Mar. 9, 2012). A district court may modify, vacate, or reverse an order from a Magistrate Judge only if the order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see Jackson v. Chubb Corp., 45 Fed.Appx. 163, 166 n.7 (3d Cir. 2002); Cipollone v. Liggett Grp., 785 F.2d 1108, 1113 (3d Cir. 1986). An order is clearly erroneous when, although there may be some evidence to support it, the reviewing court upon considering all of the evidence is left with the definite and firm conviction that a mistake has been committed. See Kounelis v. Sherrer, 529 F.Supp.2d 503, 518 (D.N.J. 2008). An order is contrary to law if the Magistrate Judge misinterpreted or misapplied applicable law. See Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998). This Court, pursuant to the clearly erroneous standard of review, should not reverse the determination of the Magistrate Judge even if this Court might have decided the matter differently. See Wortman v. Beglin, No. 03-495, 2007 WL 2375057, at *2 (D.N.J. Aug. 16, 2007).

---

[1] The title is "Magistrate Judge", not "Magistrate". See 28 U.S.C. § 631; see also Pub.L.No. 101-650, § 321, 104 Stat. 5089, 5117 (1990).

**THIS COURT** — having thoroughly reviewed the papers filed in support of and in opposition to the appeal, as well as the underlying record — will resolve the appeal without oral argument. See L.Civ.R. 78.1(b). This Court concludes that the Magistrate Judge: (1) decided the May 2015 Order in a rational exercise of discretion; and (2) did not err, misinterpret, or misapply any applicable law in issuing the May 2015 Order. See Gunter, 32 F.Supp.2d at 164; see Wortman, 2007 WL 2375057, at *2.

**THIS COURT** will not find that the Magistrate Judge engaged in an abuse of discretion by simply enforcing the plain terms of the November 2010 Order — entered on the consent of the parties — that stayed the action until "all criminal proceedings (including appeals) currently pending" against Weinstein have been resolved. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (stating "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In addition, this Court will not find that the Magistrate Judge engaged in an abuse of discretion by not extinguishing the stay insofar as it concerns the defendants other than Weinstein, because he — as the plaintiffs allege — is the main defendant. See supra p.1. It would be somewhat pointless to proceed in this action without Weinstein being involved.

**WEINSTEIN** filed opposition to this appeal that was out of time. Nevertheless, this Court mainly referred to Weinstein's opposition to the underlying Motion to Reopen to demonstrate Weinstein's position that the stay should remain in place. See Spring

Creek Holding Co. v. Keith, No. 02-376, 2006 WL 2403958, at *1 (D.N.J. Aug. 18, 2006) (affirming order of Magistrate Judge even though appeal was unopposed).

**WEINSTEIN'S** appellate matters remain pending.  See 3d Cir. No. 14-3122 & No. 15-1039.  If this Court were to reverse the May 2015 Order, then this Court would be overstepping its authority by insinuating that it agrees with the plaintiffs that the pending criminal appeals are without merit.  But the authority to determine the merit of an appeal rests with the Court of Appeals alone.  Perhaps the plaintiffs should move before the Third Circuit Court of Appeals for an expedited resolution of Weinstein's criminal matters if they are displeased with the pace of the appellate proceedings.  See Fed.R.App.P. 27 (concerning motions for relief); 3d Cir. L.App.R. 4.1 (concerning motions to expedite an appeal).

**THE COURT** will issue an appropriate order and judgment.

   s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:**  July 9, 2015