NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| HARVEY D. WOLINETZ, PARK CAPITAL FUNDING, LLC, PARK NATIONAL MORTGAGE SERVICING, H.D.W. 2005, LLC, H&N ASSOCIATES, ARETZ ASSOCIATES, H.D.W. 2005 FOREST, LLC, H.D.W. NEW CASTLE, LLC, and H.D.W. 2005 EDGEWATER, LLC, | | Civ. No. 08-5046

**OPINION** |
| Plaintiffs, Counter Defendants. | | |
| v. | | |
| ELIYAHU WEINSTEIN, RIVKA BICHLER, SIMCHA SHAIN, ELANA SHAIN, MICHAEL GINDI, NEW CEDAR HOLDINGS, LLC, OCEAN REALTY 101, LLC, PINE PROJECTS, LLC, NH-K MEMPHIS, LLC, ARTHUR FEIN, and ARTHUR FEIN ENTERPRISES, | | |
| Defendants, Counter Claimants. | | |
| ELIYAHU WEINSTEIN, RIVKA BICHLER, NEW CEDAR HOLDINGS, LLC, OCEAN REALTY 101, LLC, PINE PROJECTS, LLC, and NH-K MEMPHIS, LLC, | | |
| Cross Claimants, | | |
| v. | | |
| MICHAEL GINDI, | | |
| Cross Defendant. | | |

| ELIYAHU WEINSTEIN, RIVKA BICHLER, NEW CEDAR HOLDINGS, LLC, OCEAN REALTY 101, LLC, PINE PROJECTS, LLC, and NH-K MEMPHIS, LLC, |
|---|
| Third-Party Plaintiffs, |
| v. |
| ARTHUR FEIN, ARTHUR FEIN ENTERPRISES, and H.D.W. 2005, LLC, |
| Third-Party Defendants. |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion for Default Judgment filed by Plaintiffs Harvey D. Wolinetz; Park Capital Funding, LLC;[1] H.D.W. 2005, LLC; H&N Associates; Aretz Associates; H.D.W. 2005 Forest, LLC; H.D.W. 2005 New Castle, LLC; and H.D.W. 2005 Edgewater, LLC (collectively, "Plaintiffs") against Defendants Rivka Bichler; Simcha Shain; Elana Shain; Michael Gindi; New Cedar Holdings, LLC ("New Cedar"); Ocean Realty 101, LLC ("Ocean Realty"); Pine Projects, LLC ("Pine Projects"); and NH-K Memphis, LLC ("NH-K") (collectively, "Defaulted Defendants"). (ECF No. 246.) The Motion is unopposed. The Court has decided this Motion on the written submissions of the parties, pursuant to Local Rule 78.1(b). For the reasons stated herein, the Motion is denied.

## BACKGROUND

Plaintiffs allege that Defendant Eliyahu Weinstein—who is not party to the present Motion for Default Judgment—perpetrated fraud against Plaintiffs in a number of real estate

---

[1] As stated in the Court's summary judgment Opinion, Plaintiff Park National Mortgage Servicing is the same entity as Plaintiff Park Capital Funding, LLC. (Op. at 2 n.1, ECF No. 247.)

deals. (*See generally* Am. Compl. ¶¶ 43–122, ECF No. 53.) While the details differ from transaction to transaction, the same general pattern emerges from the Amended Complaint: Defendant Weinstein would approach various Plaintiffs asking them to invest or lend money for a real estate venture, various Plaintiffs would contribute money, Defendant Weinstein would not use the money as promised, and the contributing Plaintiffs would not get their money back. (*See, e.g.*, *id.* ¶¶ 43–51.)

Defaulting Defendants are alleged to have been associated with Defendant Weinstein's schemes in various ways. Defendants Bichler, Simcha Shain, and Gindi allegedly participated in what Plaintiffs call "the Enterprise." (*Id.* ¶ 28.) According to Plaintiffs, the Enterprise "was formed for the purposes of engaging in criminal and fraudulent activities designed to convert, misappropriate, and steal substantial sums of money from its many victims," constituting a "pattern of racketeering activity" as defined in the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1961(1). (Am. Compl. ¶¶ 30, 32.) Plaintiffs also aver that the Enterprise "engaged in . . . wire fraud, mail fraud, bank fraud, and mortgage fraud" (*id.* ¶ 31) and "perpetrate[d] an essentially identical scheme to defraud over and over again" (*id.* ¶ 33). The Amended Complaint also alleges in broad terms that Defendants Simcha Shain and Gindi conspired and took overt acts to further the conspiracy. (*Id.* ¶¶ 126, 133, 184, 186, 136, 185, 187.)

Defendant Simcha Shain is alleged to co-own Defendant New Cedar, Defendant Pine Projects, Defendant NH-K, and the Kimball Cabana and New Horizon apartment complexes. (*Id.* ¶¶ 18, 20, 21, 103.) Additionally, Defendant Simcha Shain, along with Defendant Weinstein, allegedly used funds that Plaintiff Wolinetz had provided to purchase a shopping center in New Castle, Pennsylvania, to instead purchase other properties. (*Id.* ¶¶ 59, 61.)

Defendant Gindi allegedly co-owns Defendant NH-K and the Kimball Cabana and New

Horizon apartment complexes. (*Id.* ¶¶ 21, 103.) He allegedly transferred all of his shares in Berkeley Acquisitions to Plaintiff H.D.W. 2005, LLC. (*Id.* ¶ 90.) With regards to a property on Forest Avenue in Staten Island, Defendant Weinstein promised Plaintiff Wolinetz that a lease would be signed with a corporation "allegedly owned by [Defendant] Gindi." The Amended Complaint alleges that Defendant Gindi failed to make payments on a loan made for his benefit. (*Id.* ¶ 117.) It also alleges generally that Defendant Gindi made fraudulent misrepresentations and false statements. (*Id.* ¶¶ 145, 185.)

Plaintiffs allege that Defendants Bichler, Simcha Shain, and Elana Shain obtained a second mortgage on a property in which Plaintiff H&N Associates had invested. (*Id.* ¶ 79.)

Plaintiff Park Capital Funding, LLC and Defendant Weinstein agreed that Defendant New Cedar would receive funds lent by Plaintiff Park Capital Funding, LLC. (*Id.* ¶ 70.) It also purchased properties constituting New Cedar Plaza (*id.* ¶¶ 71, 73, 74) and obtained loans related to one of those properties (*id.* ¶ 74). The Amended Complaint avers generally that it "made fraudulent misrepresentations and/or omissions of material fact." (*Id.* ¶ 145.)

Defendant Ocean Realty allegedly executed a mortgage that was not repaid (*id.* ¶¶ 64, 66), obtained a new mortgage on the same property (*id.* ¶ 66), and may have obtained other property (*id.* ¶ 69).

Defendant Pine Projects is alleged to be a "corporate shell[]" (*id.* ¶ 29) through which Defendant Wolinetz and the Enterprise engaged a scheme to obtain money from various Plaintiffs (*id* ¶ 43). According to the Amended Complaint, various Plaintiffs lent or invested money with Defendant Pine Projects. (*Id.* ¶¶ 52, 59, 64, 107.) Defendant Weinstein also allegedly sent bad checks that were to be drawn on Defendant Pine Projects' account. (*Id.* ¶¶ 111–12.) Defendant Pine Projects is also alleged to have "made fraudulent misrepresentations and/or omissions of material fact." (*Id.* ¶ 145.)

The Amended Complaint describes the ownership of Defendant NH-K (*id.* ¶¶ 21, 145) and alleges that it made fraudulent misrepresentations (*id.* ¶ 145).

Plaintiffs filed suit in this case on October 10, 2008 (ECF No. 1) and filed the Amended Complaint on May 20, 2009 (ECF No. 53). The Amended Complaint alleges the following Counts against all Defendants: (1) civil RICO, 18 U.S.C. § 1962(c); (2) conspiracy to violate RICO, 18 U.S.C. § 1962(d); (3) equitable accounting; (6) conversion; (7) constructive trust; (8) unjust enrichment; (9) breach of contract; (10) promissory estoppel; (11) civil conspiracy; and (12) injunctive relief. (*Id.* ¶¶ 123–43, 157–93.) It also alleges (4) fraud against Defendants Weinstein, Gindi, Pine Projects, and NH-K. (*Id.* ¶¶ 144–49.)[2]

This case was stayed from November 2010 until October 2016 while criminal proceedings against Defendant Weinstein were pending. (ECF Nos. 123–24, 160.) On July 2, 2018, at Plaintiffs' request, the Clerk entered default against Defendants Simcha Shain, Elana Shain, Gindi, New Cedar, Ocean Realty, Pine Projects, and NH-K. (ECF entries dated 07/02/2018.) The Clerk similarly entered default against Defendant Bichler on October 11, 2018. (ECF entry dated 10/11/2018.) On December 12, 2018, Plaintiffs filed the present Motion for Default Judgment. (ECF No. 246.) Defaulting Defendants have neither responded to the Motion nor requested that default be vacated. The Motion is presently before the Court.

## LEGAL STANDARD

After an entry of default by the Clerk, a district court may enter default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure against "a properly served defendant who fails to plead or otherwise defend an action." *See Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 458 (3d Cir. 2011) (citing Fed. R. Civ. P. 55(a)). "Default judgment is permissible only if

---

[2] The Amended Complaint also alleges (5) breach of fiduciary duty against Defendant Weinstein only. (*Id.* ¶¶ 150–56.)

plaintiff's factual allegations establish a right to the requested relief." *Eastern Constr. & Elec., Inc. v. Universe Techs., Inc.*, 2011 WL 53185, at *3 (D.N.J. Jan. 6, 2011). The court must accept a plaintiff's well-pled factual allegations, except for those relating to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

A party who has made a proper showing under Rule 55 is not entitled to default judgment as of right; the entry of default is within the district court's discretion. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Default judgment is a sanction of last resort; cases are more appropriately decided on their merits where practicable. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003); *Hritz*, 732 F.2d at 1181. Even if default judgment is permissible, the court must assess three factors to determine whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

## DISCUSSION

Plaintiffs ask the Court to hold Defaulting Defendants "jointly and severally liable for the total amount of damages" (Proposed Order, ECF No. 246-4), which Plaintiffs claim totals $90,915,343.50 (Wolinetz Decl. ¶ 6). Plaintiffs do not specify the amount lost on each transaction or otherwise explain how this total was calculated. Plaintiffs also do not explain how the total damages should be divided among them.

Accepting all of the Amended Complaint's factual allegations as true, the Court cannot establish that Plaintiffs have a right to the monetary relief they request. The $90,915,343.50 sought by Plaintiffs is derived from the total amount they allegedly lost in all transactions described in the Amended Complaint. But not all Defaulting Defendants were involved in all of

these transactions. (*See, e.g.*, Am. Compl. ¶¶ 94–96, 110 (describing schemes where no Defaulting Defendant was involved).)

Moreover, Plaintiffs have not shown that the facts alleged establish liability in each of the cases where a Defaulting Defendant was involved. For example, the Amended Complaint states that Defendant New Cedar received funds, purchased property, and obtained loans with respect to the New Cedar Plaza property (*id.* ¶¶ 70–71, 73–74), but these facts alone do not establish that Defendant New Cedar is liable to Plaintiffs. Moreover, other Defaulting Defendants—namely Defendants Bichler, Elana Shain, and NH-K—are scarcely mentioned in the Amended Complaint at all.

Even if Plaintiffs establish that some Defaulting Defendants are liable for some damages, the facts pleaded do not establish that all Defaulting Defendants should be jointly and severally liable for those damages. Joint and several liability is not available if "there are either distinct harms or a reasonable basis upon which to determine the contribution of each cause to a single harm." *Dafler v. Raymark Indus., Inc.*, 611 A.2d 136, 145 (N.J. 1992) (citing Restatement (Second) of Torts § 433A (Am. Law Inst. 1965).) In the facts presented, each transaction where Plaintiffs lost money constitutes a distinct harm and incurs only to those defendants involved in that transaction. For this reason, Defaulting Defendants cannot be held liable as a group for a series of transactions where not all of them were involved in each transaction.[3]

Finally, Plaintiffs have not shown how the damages sought should be divided among themselves. Just as not every Defaulting Defendant was involved in each transaction, not every

---

[3] Plaintiffs cannot derive joint and several liability from allegations that "the Enterprise" acted as a single conspiracy committing multiple iterations of fraud. (*See* Am. Compl. ¶¶ 28–34.) The Amended Complaint does not accuse all Defaulting Defendants of taking part in the Enterprise. (*Id.* ¶ 28.) Even if it did, the section describing the activities of the Enterprise consist almost entirely of legal conclusions that are to be ignored. *Eastern Constr.*, 2011 WL 53185, at *3 (citing, *inter alia*, *Comdyne*, 908 F.2d at 1149).

Plaintiff was harmed in each transaction. Without more information about which damages are owed to which Plaintiffs from which Defaulting Defendants, a right to the relief requested cannot be established.

## **CONCLUSION**

For the foregoing reasons, the Motion for Default Judgment is denied. An appropriate order will follow.

Date:   1/8/2019                                             */s/ Anne E. Thompson*                    
                                                              ANNE E. THOMPSON, U.S.D.J.