NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARVEY D. WOLINETZ, *et al.*, <br><br>    Plaintiffs, Counter Defendants. <br><br>v. <br><br>ELIYAHU WEINSTEIN, *et al.*, <br><br>    Defendants, Counter Claimants. | Civ. No. 08-5046 <br><br>**OPINION** |
| ELIYAHU WEINSTEIN, *et al.*, <br><br>    Cross Claimants, <br><br>v. <br><br>MICHAEL GINDI, <br><br>    Cross Defendant. | |
| ELIYAHU WEINSTEIN, *et. al*, <br><br>    Third-Party Plaintiffs, <br><br>v. <br><br>ARTHUR FEIN, *et al.*, <br><br>    Third-Party Defendants. | |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Damages Submission (the "Submission") filed by Plaintiffs Harvey D. Wolinetz; Park Capital Funding, LLC ("PCF");[1] H.D.W. 2005, LLC; H&N Associates; Aretz Associates; H.D.W. 2005 Forest, LLC; H.D.W. 2005 New Castle,

---

[1] As stated in the Court's Summary Judgment Opinion, Plaintiff Park National Mortgage Servicing is the same entity as Plaintiff Park Capital Funding, LLC. (Summ. J. Op. at 2 n.1, ECF No. 247.)

1

LLC; and H.D.W. 2005 Edgewater, LLC (collectively, "Plaintiffs"). (ECF No. 254.) The Submission is unopposed. The Court has considered the Submission without oral argument pursuant to Local Rule 78.1(b). Based on the Submission, and for the reasons stated herein, judgment is entered in favor of Plaintiffs Wolinetz; PCF; H&N Associates; Aretz Associates; and HDW 2005, LLC and against Defendants Eliyahu Weinstein and Pine Projects, LLC ("Pine Projects") in the amounts set forth below.

## **BACKGROUND**

In this case, Plaintiffs allege that Defendant Weinstein perpetrated fraud against Plaintiffs in a number of real estate deals. (*See generally* Am. Compl. ¶¶ 43–122, ECF No. 53.) While the details differ from transaction to transaction, the same general pattern emerges from the Amended Complaint: Defendant Weinstein would approach various Plaintiffs asking them to invest or lend money for a real estate venture, various Plaintiffs would contribute money, Defendant Weinstein would not use the money as promised, and the contributing Plaintiffs would not get their money back. (*See, e.g.*, *id.* ¶¶ 43–51.) All other Defendants, who have now defaulted— Rivka Bichler; Simcha Shain; Elana Shain; Michael Gindi; New Cedar Holdings, LLC ("New Cedar"); Ocean Realty 101, LLC ("Ocean Realty"); Pine Projects; and NH-K Memphis, LLC ("NH-K") (collectively, "Defaulted Defendants")—are alleged to have been associated with Defendant Weinstein's schemes in various ways.

Plaintiffs filed suit in this case on October 10, 2008 (ECF No. 1) and filed the Amended Complaint on May 20, 2009 (ECF No. 53). The Amended Complaint alleges the following Counts against both Defendant Weinstein and Defaulting Defendants (collectively, "Defendants"): (1) civil RICO, 18 U.S.C. § 1962(c); (2) conspiracy to violate RICO, 18 U.S.C. § 1962(d); (3) equitable accounting; (6) conversion; (7) constructive trust; (8) unjust enrichment; (9) breach of contract; (10) promissory estoppel; (11) civil conspiracy; and (12) injunctive relief.

(*Id.* ¶¶ 123–43, 157–93.) It also alleges (4) fraud against Defendants Weinstein, Gindi, Pine Projects, and NH-K (*id.* ¶¶ 144–49); and (5) breach of fiduciary duty against Defendant Weinstein (*id.* ¶¶ 150–56).

This case was stayed from November 2010 until October 2016 while criminal proceedings against Defendant Weinstein were pending. (ECF Nos. 123–24, 160.) On January 3, 2019, the Court granted partial summary judgment in favor of Plaintiffs Wolinetz, PCF, H&N Associates, and Aretz Associates against Defendant Weinstein on the Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Counts; and granted partial summary judgment in favor of Plaintiffs PCF and H&N Associates against Defendant Weinstein on the Eleventh Count. (Summ. J. Op., ECF No. 247; Summ. J. Order, ECF No. 248.) However, the Court awarded judgment "in an amount to be determined at an inquest on damages." (Order.)

Default has been entered against Defaulted Defendants. (ECF entries dated 07/02/2018, 10/11/2018.) Plaintiffs moved for default judgment against Defaulted Defendants, but the Court denied the Motion on January 9, 2019, explaining, "Without more information about which damages are owed to which Plaintiffs from which Defaulting Defendants, a right to the relief requested cannot be established." (Default J. Op. at 8, ECF No. 250; *see also* Default J. Order, ECF No. 251.)

After the Court decided the Motions for Summary Judgment and Default Judgment, the issue of damages was left unresolved. The Court therefore instructed counsel that, to determine damages, it "would need to receive submissions showing, for each transaction documented in the Amended Complaint: which Plaintiff(s) suffered compensable losses, the amount of those losses for each Plaintiff, and which Defendant(s) are liable for those losses." (Letter Order (Jan. 9, 2019), ECF No. 252) (internal citations omitted). In response, Plaintiffs filed the Submission on March 19, 2019, documenting twelve transactions and the associated damages. (ECF No. 254.)

Defendants did not oppose the Submission.[2] The Submission is presently before the Court.

## **LEGAL STANDARD**

This damages inquiry arises from two different procedural postures. Plaintiffs moved for summary judgment against Defendant Weinstein, and summary judgment was granted on several Counts, in an amount to be determined at an inquest on damages. Separately, Plaintiffs moved for default judgment against Defaulting Defendants, *i.e.*, all remaining Defendants; the Court denied default judgment because it lacked sufficient clarity on damages.

The parties have demanded a trial by jury, so the Court cannot decide any factual questions related to damages. Under the summary judgment posture, "the granting of a Rule 56 motion on [the issue of liability] should not affect either party's right to a jury trial [on the issue of damages]." Charles Alan Wright *et al.*, 13F Federal Practice and Procedure § 2736 (4th ed., Nov. 2018 update). Under the default judgment posture, "[t]he court may conduct hearings or make referrals—*preserving any federal statutory right to a jury trial*—when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B) (emphasis added).

Because the parties' jury right is preserved, the usual summary judgment standard is appropriate: "[T]he movant [must] show[] that there is no genuine dispute as to any material fact and the movant [must be] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this case, no genuine disputes of material fact have been presented, so the Court will determine damages as a matter of law based on the undisputed facts.

---

[2] The Court initially stated that Defendants would be given fourteen days to respond to the Submission, which would be April 2, 2019. (Letter Order (Jan. 9, 2019).) Later, the Court stated that opposition was due April 1, 2019. (Letter Order (Mar. 20, 2019), ECF No. 255.) Defendants have not responded.

4

**DISCUSSION**

The Submission describes twelve transactions and, for each transaction, the damages sought by each Plaintiff, the Defendants claimed to be jointly or severally liable, and a brief explanation of why those Defendants are liable. These transactions are summarized in the table below. The Court will examine each transaction to determine the appropriate damages.

**Damages Claimed**

| | Transaction | Damages Per Plaintiff (Millions of Dollars) | | | | | | Defendants Jointly & Severally Liable |
|---|---|---|---|---|---|---|---|---|
| | | Wolinetz | PCF | H&N Assocs. | Aretz Assocs. | HDW 2005, LLC | Total | |
| 1 | Edgewater, FL Property | | 23.3[3] | 1.5 | 12.7 | | **37.5** | Weinstein, Pine Projects |
| 2 | Krogers Property | | 5.4 | | | | **5.4** | Weinstein, Pine Projects |
| 3 | New Castle | | 1.4 | | | | **1.4** | Weinstein, Pine Projects |
| 4 | Seagull Property | 5.8 | | 0.25 | | | **6.05** | Weinstein, Pine Projects, Ocean Realty |
| 5 | New Cedar Plaza | | 9[4] | | | | **9** | Weinstein, Simcha Shain, New Cedar |
| 6 | Parker Blvd. | 0.7 | 1.7 | 1.15[5] | | | **3.55** | Weinstein, Pine Projects, Simcha Shain, Elana Shain, Bichler |

---

[3] The Submission enumerates $22,900,000 in damages to Plaintiff PCF and $400,000 to Plaintiff Park National Mortgage Servicing. (Submission at 2.) As explained previously, the Court considers these entities to be the same. *See supra* note 1.

[4] The Submission states that Plaintiffs "Wolinetz/Park National Capital Funding" suffered $9,000,000 in damages, but Plaintiff PCF actually paid the loan that gives rise to liability. (Submission at 4.)

[5] The Submission states that Plaintiff H&N Associates provided $1,250,000 in loans. (Submission at 5.) But the attached Declaration states that it provided $1,150,000. (Schaum Decl. ¶ 26, ECF No. 254-1.) The latter number is consistent with the total damages claimed for this transaction, *i.e.*, $3,550,000. (*See* Submission at 5; Schaum Decl. ¶ 24.)

5

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 7 | Berkeley Township | | | | | 7.4[6] | **7.4** | Weinstein, Pine Projects, Gindi |
| 8 | Flatbush | 1.475 | | | | | **1.475** | Weinstein, Pine Projects |
| 9 | Memphis | 11.22 | | | | | **11.22** | Weinstein, Pine Projects, Simcha Shain, Gindi, NH-K |
| 10 | Staten Island | 2.851 | 1.660 | 0.489 | | | **5** | Weinstein, Pine Projects, Gindi |
| 11 | Breach of Contract on Gindi Loan | | | 1.5 | | | **1.5** | Weinstein, Gindi |
| 12 | Breach of Contract on Additional Loans | | 1.725 | | | | **1.725** | Weinstein |

## I. Edgewater, Florida Property

Defendant Weinstein solicited loans in the amount of $23,300,000 from Plaintiff PCF, $1,500,000 from Plaintiff H&N Associates, and $12,700,000 from Plaintiff Aretz Associates. (Submission at 2.) Defendant Weinstein stated that these loans would be used to purchase property in Edgewater, Florida, but he misrepresented the purpose of the loans and never repaid them. (*Id.*) The loans were paid in part to Defendant Pine Projects. (*Id.*) The Court previously found that these actions give rise to liability on theories of fraud, breach of fiduciary duty, conversion, unjust enrichment, breach of contract, and promissory estoppel. (Summ. J. Op. at 9–13.) Therefore, Defendants Weinstein and Pine Projects are jointly and severally liable for the above-stated damages—$37,500,000 in total—corresponding to each Plaintiff,.

## II. Krogers Property

Plaintiff PCF made a $5,400,000 loan to Defendant Pine Projects. (Submission at 3.) This

---

[6] The Submission states that Plaintiffs "Wolinetz/HDW 2005[,] LLC" suffered $7,400,000 in damages, but Plaintiff HDW 2005, LLC actually paid the loan that gives rise to liability. (Submission at 6.)

6

loan was made based on Defendant Weinstein's representation that the money would be used to buy a Krogers shopping center, but this representation was false and the loan was not repaid. (*Id.*)

Defendant Weinstein committed fraud because he made "a material misrepresentation of a presently existing or past fact [with] knowledge or belief . . . of its falsity [and] an intention that the other person rely on it," and there was "reasonable reliance thereon by the other person [and] resulting damages." *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997) (citing *Jewish Ctr. v. Whale*, 432 A.2d 521, 524 (N.J. 1981)). Defendant Weinstein also committed a breach of fiduciary duty; Plaintiff PCF entrusted Defendant Weinstein with funds, creating a fiduciary duty that was breached when the loan funds were used for different purposes than promised. *See Indus. Mar. Carriers, Inc. v. Miller*, 399 F. App'x 704, 710 (3d Cir. 2010) (citing *McKelvey v. Pierce*, 800 A.2d 840, 859 (N.J. 2002)). And because obtaining a sham loan by fraud constitutes conversion, *Chi. Title Ins. Co. v. Ellis*, 978 A.2d 281, 287 (N.J. Super. Ct. App. Div. 2009), Defendant Weinstein is also liable for conversion. Additionally, the failure to repay the loan constitutes a breach of contract, *see Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (providing the cause of action for breach of contract), as well as creating liability under a theory of promissory estoppel, *Toll Bros., Inc. v. Bd. of Chosen Freeholders*, 944 A.2d 1, 19 (N.J. 2008) (internal citation omitted) (providing the cause of action for promissory estoppel). Finally, Defendant Pine Projects is liable under a theory of unjust enrichment because it "received a benefit and . . . retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994) (internal citations omitted).

Because Defendants Weinstein and Pine Projects are liable under a number of theories of liability, they are jointly and severally liable to Plaintiff PCF for $5,400,000.

### III.  New Castle

Defendant Weinstein solicited a $1,400,000 loan from Plaintiff PCF to Defendant Pine Projects to purchase a shopping center. (Submission at 3.) The property was never purchased, and the loan was not repaid. (*Id.*) For similar reasons as those stated in the above section on the Krogers Property, Defendant Weinstein's actions here constitute fraud, breach of fiduciary duty, and conversion; and Defendant Pine Projects is liable under theories of breach of contract, promissory estoppel, and unjust enrichment. The Court therefore finds Defendants Weinstein and Pine Projects jointly and severally liable to Plaintiff PCF for $1,400,000.

### IV.  Seagull Property

Defendant Weinstein solicited a total of $6,050,000 in loans—$5,800,000 from Plaintiff Wolinetz and $250,000 from Plaintiff H&N Associates—to Defendant Pine Projects to purchase the Seagull Shopping Center. (*Id.* at 3–4.) Defendant Weinstein promised that Plaintiff Wolinetz would obtain a secured mortgage on the property. (*Id.* at 4.) Plaintiff Wolinetz was, in fact, provided with a secured mortgage. (*Id.*) Defendant Ocean Realty planned to purchase the shopping center, and it also obtained a mortgage on the property. (*Id.*) The loan was not repaid due to "the excessive borrowing on the property." (*Id.*)

Because the loan to Defendant Pine Projects was not repaid, Defendant Pine Projects is liable under breach of contract and promissory estoppel causes of action. However, the Court cannot find liability under theories of fraud, breach of fiduciary duty, or conversion because there is no evidence of any misrepresentation made by Defendant Weinstein or others. Although Defendant Weinstein controls Defendant Pine Projects (Am. Compl. ¶ 20), he cannot be liable under a corporate veil-piercing theory. Piercing the corporate veil is appropriate "to prevent an independent corporation from being used to defeat the ends of justice, to perpetrate a fraud, to accomplish a crime, or otherwise to evade the law." *Tung v. Briant Park Homes, Inc.*, 670 A.2d

1092, 1096 (N.J. Super. Ct. App. Div. 1996) (citing *State, Dep't of Envtl. Prot. v. Ventron Corp.*, 468 A.2d 150, 164 (N.J. 1983)). In this transaction, Plaintiffs have not shown evidence of fraud. Additionally, Defendant Ocean Realty cannot be held liable: Simply taking out another mortgage on a property is not tortious. Therefore, Defendant Pine Projects is liable to Plaintiff Wolinetz for $5,800,000 and to Plaintiff H&N Associates for $250,000. Other Defendants are not liable for this transaction.

## V.      New Cedar Plaza

Plaintiff PCF loaned Defendant Weinstein $9,000,000 to facilitate an exchange of property with Lakewood Township, New Jersey. (Submission at 4.) Instead of the expected exchange with Lakewood Township, however, the properties were purchased by Defendant New Cedar, which is owned and controlled by Defendant Weinstein and Defendant Shain. (*Id.* at 5.) Defendant New Cedar obtained multiple loans and provided multiple mortgages on the property. (*Id.*) The loan from Plaintiff PCF was never repaid. (*Id.*)

Defendant Weinstein misrepresented the purpose of the loan and is therefore liable for fraud, conversion, breach of contract, and promissory estoppel liability. But Defendant New Cedar is not liable for purchasing the property; it violated no duty to Plaintiff Wolinetz in taking this action. Defendant Shain is not liable as a shareholder of Defendant New Cedar, both because Defendant New Cedar itself is not liable and because veil-piercing is not appropriate without some showing of fraud or other wrongdoing. Defendant Weinstein alone is liable to Plaintiff Wolinetz.

## VI.     Parker Boulevard

Plaintiff Wolinetz loaned $700,000, Plaintiff H&N Associates loaned $1,150,000, and Plaintiff PCF loaned $1,700,000 to Defendant Pine Projects and another entity. (*Id.* at 5.) Defendant Weinstein stated that the loans would be used to purchase and develop a property

9

located on Parker Boulevard. (*Id.*) The property was never improved as promised. (*Id.* at 6.) Defendants Weinstein, Bichler, Simcha Shain, and Elana Shain subsequently obtained additional mortgage-secured loans on the property. (*Id.* at 5–6.)

For reasons similar to those explained in prior sections, Defendant Weinstein's misrepresentation about the use of the loans gives rise to liability for fraud, breach of fiduciary duty, and conversion. Defendant Pine Projects, as recipient of the loans, is also liable under breach of contract, promissory estoppel, and unjust enrichment causes of action. However, Defendants Bichler, Simcha Shain, and Elana Shain are not liable simply for obtaining an additional loan. Only Defendants Weinstein and Pine Projects are jointly and severally liable to Plaintiff Wolinetz for $700,000, to Plaintiff H&N Associates for $1,150,000, and to Plaintiff PCF for $1,700,000.

## VII. Berkeley Township

Plaintiff H.D.W. 2005, LLC provided an $8,000,000 loan to Defendant Pine Projects. (*Id.* at 6.) It did so based on Defendant Weinstein's representation that the money would be used to purchase a building in Berkeley Township, New Jersey. (*Id.*) Contrary to that representation, the funds were used to purchase different properties. (*Id.*) Those properties were acquired by non-Defendant entities owned and controlled by Defendants Weinstein and Gindi. (*Id.*) Defendant Weinstein paid back $600,000 on the loan to Plaintiff H.D.W. 2005, LLC, leaving an unpaid balance of $7,400,000. (*Id.*)

Defendant Weinstein's misrepresentation creates liability for fraud, breach of fiduciary duty, and conversion. The failure to repay the loan constitutes breach of contract, promissory estoppel liability, and unjust enrichment by Defendant Pine Projects. Because the loans were used for purposes other than those promised and were not repaid, the non-Defendant entities would be liable for unjust enrichment. However, Defendant Gindi is not liable as a shareholder

10

in these companies under a veil-piercing theory because the evidence does not suggest fraud or other wrongdoing on his part. Thus, Defendants Weinstein and Pine Projects are liable to Plaintiff HDW 2005, LLC for $7,400,000.

## VIII. Flatbush

Plaintiff Wolinetz lent Defendant Pine Projects $3,960,000 upon Defendant Weinstein's representation that the loan would be used to purchase property in Brooklyn, New York. (*Id.* at 7.) However, Defendant Weinstein overstated the cost of the property by $500,000 and used that additional money for his own use. (*Id.*) Defendants subsequently repaid $2,485,000 of the loan, leaving $1,475,000 outstanding. (*Id.*)

Defendant Weinstein made a material misrepresentation, constituting fraud and conversion. The failure to use the loan as stated also constitutes breach of fiduciary duty. Because the loan has not been repaid in full, Defendant Pine Projects is liable for breach of contract, promissory estoppel liability, and unjust enrichment. Defendants Weinstein and Pine Projects are therefore jointly and severally liable to Plaintiff Wolinetz for $1,475,000.

## IX. Memphis

Plaintiff Wolinetz provided a $11,220,000 loan to Defendant Pine Projects. (*Id.* at 7–8.) Defendant Weinstein told him that the money would be used to purchase apartment complexes in Memphis. (*Id.* at 7.) "In seeking the loan, [Defendant] Weinstein misrepresented the ability to purchase and flip the property to a new purchaser." (*Id.*) With the help of additional loans, the properties were purchased by Defendant NH-K, which is owned and controlled by Defendants Weinstein, Gindi, and Simcha Shain. (*Id.* at 8.) The properties were not resold, and Plaintiff Wolinetz's loan was not repaid. (*Id.*)

The failure to repay the loan constitutes breach of contract and liability under promissory estoppel, and Defendant Pine Projects is liable for $11,220,000 for that reason. However, there is

11

no evidence of fraud. Fraud requires "misrepresentation of a presently existing or past fact." *Gennari*, 691 A.2d at 367 (citing *Jewish Ctr.*, 432 A.2d at 524). To the contrary, Defendant Weinstein's misrepresentation about his ability to resell the property was a statement about the future.

Defendant NH-K is not liable simply for purchasing the property. Furthermore, because there is no underlying wrongdoing by Defendant NH-K, Defendants Weinstein, Gindi, and Simcha Shain cannot be held liable under a veil-piercing theory as its shareholders. Thus, only Defendant Pine Projects is liable to Plaintiff Wolinetz for this transaction.

## X.     Staten Island

Defendant Weinstein solicited a total of $5,000,000 in loans to purchase a vacant lot on Staten Island. (Submission at 8.) The money was loaned in part to Defendant Pine Projects. (*Id.*) Plaintiff Wolinetz loaned $2,851,000, Plaintiff H&N Associates loaned $489,000, and Plaintiff PCF loaned $1,660,000. (*Id.*) "In soliciting the loan, [Defendant] Weinstein advised that the property would be purchased outright and [Defendant] Gindi would lease the property guaranteeing income while the property was being developed." (*Id.*) Defendant Weinstein also stated that Plaintiff HDW 2005 Forest would be provided with an ownership interest in the property. (*Id.* at 9.) Although Defendant Weinstein's attorney provided documents showing such a transfer of interest, those documents were fraudulent; Plaintiff HDW 2005 Forest was never provided the ownership interest it was promised. (*Id.*)

Defendant Weinstein made a material misrepresentation by stating that Plaintiff HDW 2005 Forest would obtain an ownership interest in the property; he is thus liable for fraud, breach of fiduciary duty, and conversion. Defendant Pine Projects, as recipient of the loan funds, is liable for unjust enrichment, breach of contract, and promissory estoppel liability. However, Defendant Gindi cannot be held liable simply because Defendant Weinstein stated that he would

12

lease the property. Defendants Weinstein and Pine Projects are jointly and severally liable to Plaintiffs in the amounts stated above; Defendant Gindi is not.

## XI. Breach of Contract on Gindi Loan

Plaintiff H&N Associates lent $1,500,000 to a non-party entity controlled by Defendant Gindi. (*Id.*) Defendant Gindi transferred the funds to Defendant Weinstein, and the loan was not repaid. (*Id.*) The failure to repay a loan constitutes breach of contract, but no facts presented here show any facts that would give rise to veil-piercing. Defendant Gindi therefore cannot be held personally liable, nor can any other individual in this case.

## XII. Breach of Contract on Additional Loans

Plaintiff PCF lent $2,500,000 to a non-party entity so that Defendant Weinstein could use the funds to purchase securities. (*Id.* at 10.) Defendant Weinstein repaid $775,000 of the loan, leaving $1,725,000 outstanding. (*Id.*) The non-party entity would be labile for breach of contract, but neither Defendant Weinstein nor any other party to this case can be liable for it because there is no evidence of fraud or other wrongdoing that would compel veil-piercing.

## CONCLUSION

For the foregoing reasons, judgment will be entered as set forth in the table below. An appropriate Order will follow.

**Damages Awarded**

| | Transaction | Damages Per Plaintiff (Millions of Dollars) | | | | | | Defendants Jointly & Severally Liable |
|---|---|---|---|---|---|---|---|---|
| | | Wolinetz | PCF | H&N Assocs. | Aretz Assocs. | HDW 2005, LLC | Total | |
| 1 | Edgewater, FL Property | | 23.3 | 1.5 | 12.7 | | **37.5** | Weinstein, Pine Projects |
| 2 | Krogers Property | | 5.4 | | | | **5.4** | Weinstein, Pine Projects |
| 3 | New Castle | | 1.4 | | | | **1.4** | Weinstein, Pine Projects |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 4 | Seagull Property | 5.8 | | 0.25 | | | **6.05** | Pine Projects |
| 5 | New Cedar Plaza | | 9 | | | | **9** | Weinstein |
| 6 | Parker Blvd. | 0.7 | 1.7 | 1.15 | | | **3.55** | Weinstein, Pine Projects |
| 7 | Berkeley Township | | | | | 7.4 | **7.4** | Weinstein, Pine Projects |
| 8 | Flatbush | 1.475 | | | | | **1.475** | Weinstein, Pine Projects |
| 9 | Memphis | 11.22 | | | | | **11.22** | Pine Projects |
| 10 | Staten Island | 2.851 | 1.66 | 0.489 | | | **5** | Weinstein, Pine Projects |
| 11 | Breach of Contract on Gindi Loan | *No liability* | | | | | | |
| 12 | Breach of Contract on Additional Loans | *No liability* | | | | | | |

Date:   4/16/19                         */s/ Anne E. Thompson*
                                        ANNE E. THOMPSON, U.S.D.J.